## J. M. FLY v. N. W. GUINN ET AL.

(No. 5302.)

DEED — CONDITION IN.— Forfeit land if condition violated.

APPEAL from Gonzales county.  Opinion by DELANEY, J.

STATEMENT.— Appellants in this cause hold part of a lot which appellees formerly conveyed to W. B. Fry.  The clause in that deed under which the forfeiture is now claimed is expressed in these words:  "With the reservation or exception that the said W. B. Fry shall not himself, or permit the same to be done by any one holding title by, through or under him, keep for sale upon the premises herein conveyed any spirituous or intoxicating liquors, under a forfeiture of the title to the premises herein described."

OPINION.— In the case of Jeffery v. Graham, 61 Tex., 481, a judgment like this was sustained.  The case of Plumb v. Tubbs, 4 N. Y., 442, resembles this in many respects.  The court says: "Wherever the condition in a deed is unlawful, impossible or repugnant to the nature of the estate granted, it cannot be enforced."  2 Bl. Com., 1567; Coke Lit., 206a, 206b.

This condition is evidently neither unlawful nor impossible.

The cases in the books are numerous and uniform in holding that the use of the property in some directions may be restricted.  A condition that a school-house, a distillery, a blast furnace, a livery stable, machine shop or iron furnace, powder magazine, a hospital, or a cemetery have been held valid conditions.

But defendant pleaded he was a druggist; that he was compelled, in the course of his business as such, to sell spirituous liquors, hence the condition was in violation of a legitimate trade, and therefore void.  Held, the prohibition was not intended to restrain the sale of spirits as a medicine but as a beverage, and the court did not err in striking out the plea.

He also pleaded as an estoppel that he had sold liquors for a number of years while occupying another lot in the same village, and held, under the same conditions, that plaintiffs had full knowledge of the facts and made no objections; that they thereby waived the forfeiture and could no longer insist upon it. Held, plaintiffs might waive the forfeiture, and if with full knowledge of the facts they had acquiesced in the condition, it would be treated as a waiver. But the plea does not state that the liquor was sold as a beverage; the clear inference from the language is that such was not the case, but that it was sold as a medicine.

AFFIRMED.